**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| La SHAWN COOPER, | ) | |
| o/b/o JORDYN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0877-CV-W-DW |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Commissioner, Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Jordyn Cooper seeks judicial review on a final decision by Defendant

Commissioner of Social Security denying Plaintiff's claim for supplemental security income

(SSI) benefits. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs and are duplicated

herein only to the extent necessary. After examining the entire record, the Court REVERSES and

REMANDS the Commissioner's decision for the reasons set forth below.

Jordyn L. Cooper and his mother, Lashawn Cooper, appeared for a reconsideration

hearing on their previous social security denial on March 28, 2006. Claimant was unrepresented.

At the hearing, Dr. James Belt testified that, based upon the record at hand, Claimant's condition

did not meet or functionally equal the requirements of a listed impairment. Dr. Belt also noted

that the record did not contain any information about Claimant's blood counts from April 26,

2004 to the hearing date. At the request of the ALJ, Claimant's mother agreed to provide these

records within ten days of the hearing. The additional records appear to have been submitted on

April 3, 2006. (Tr. 219).

Claimant argues that once the ALJ received the new medical records, the ALJ was required to obtain an updated medical expert opinion. 96-6p recognizes that the ALJ must obtain an updated medical opinion where "new medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments."

Upon receipt of the records, the ALJ did not obtain an updated medical opinion. It is unclear from his opinion whether the failure to obtain an updated opinion resulted from the fact that the ALJ reviewed of the records and determined that an updated medical opinion was unnecessary since the new medical evidence, in the ALJ's opinion, would not change the consultant's findings. Accordingly, this Court remands this case for clarification from the ALJ as to whether an updated medical opinion is necessary and, if so, for an updated opinion and decision.

IT IS SO ORDERED.

Date:  May 29, 2007                                      /s/ DEAN WHIPPLE
                                                               Dean Whipple
                                                       United States District Court